IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-253-FL-3
5:24-CV-152-FL

| | | |
|---|---|---|
| WILLIAM ISAAC DANIELS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 227, 248) (the "§ 2255 motions"), and respondent's motions to dismiss (DE 235, 255). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Robert T. Numbers, II entered memorandum and recommendation ("M&R") (DE 270), wherein it is recommended that the court deny petitioner's motions and grant respondent's motions. Petitioner filed objections. For the following reasons, the court adopts the M&R, denies petitioner's motions and grants respondent's motions.

## BACKGROUND

Petitioner pleaded guilty August 24, 2018, without a written plea agreement, to conspiracy to possess with the intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; and two counts of distribution and possession with intent to distribute a quantity of cocaine base and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. Prior to sentencing, the probation office filed a presentence investigation report setting forth total offense level 31, criminal history VI, and guidelines range

of 188-235 months, applying a career offender enhancement based upon two prior convictions: 1) Assault By Strangulation (09CR45790) (the "assault by strangulation conviction") and 2) Possession With Intent to Sell or Deliver Cocaine (13CRS228964) (the "drug conviction"). The court sentenced petitioner February 7, 2019, to an aggregate term of 211 months' imprisonment. Petitioner appealed his conviction and sentence, and the United States Court of Appeals for the Fourth Circuit affirmed June 16, 2024.

Petitioner filed the instant § 2255 motions to vacate March 7, 2024, and August 1, 2024, asserting ineffective assistance of counsel claims on the basis of a failure to identify case law that supported his argument that he lacked the predicate offenses to receive an enhanced sentence as a career offender. The government moves to dismiss these claims as a matter of law.

## DISCUSSION

A.      Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).[1] Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[1]      In citations in this order, all internal quotations and citations are omitted, unless otherwise specified.

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.     Analysis

The magistrate judge thoroughly and cogently addressed the grounds for dismissal of the instant § 2255 motions. Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R. Petitioner's objections reiterate arguments already addressed in the M&R and do not necessitate significant further analysis. The court writes separately to address the issues raised in petitioner's objections.

Petitioner argues that his prior assault by strangulation conviction is not a proper predicate for a career offender enhancement because he was sentenced to only 9-11 months, thus precluding reliance on that conviction under United States v. Simmons, 649 F.3d 237, 243 (4th Cir. 2011) (en banc). However, petitioner's argument is foreclosed by United States v. Kerr, 737 F.3d 33 (4th Cir. 2013) and United States v. Edmonds, 679 F.3d 169 (4th Cir. 2012), vacated on other grounds, 568 U.S. 803 (2012), both of which applied Simmons to defendants who received actual sentences

below 12 months. See Kerr, 737 F.3d at 38 ("The maximum sentence the particular defendant faced—not the sentence actually imposed—control[s] whether the defendant had a qualifying predicate felony."); Edmonds, 679 F.3d at 176 (rejecting argument that because defendant actually received a sentence of 9 to 11 months' imprisonment he lacked a predicate felony offense).

Accordingly, petitioner's claim fails as a matter of law where there is no basis for finding counsel ineffective in failing to raise the arguments he now seeks to raise.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 270). Petitioner's § 2255 motions (DE 227, 248) are DENIED, and respondent's motions to dismiss (DE 235, 255) are GRANTED. This action is DISMISSED with prejudice for failure to state a claim upon which relief can be granted. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 2nd day of May, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge

4